UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL J. MONROE, and
MAJILE OLAFEMI,

Plaintiffs,

v.                                                           Case No.: 8:07-cv-0066-SCB-TGW

CITIMORTGAGE, INC.;
STEVEN M. LEE, P.A.;
STEVEN M. LEE; and
ONE OR MORE "JOHN OR
JANE SMITHS,"

Defendants.

_____/

## ORDER

      This cause comes before the court on Defendant CitiMortgage, Inc.'s (CitiMortgage)

Motion to Dismiss Amended Complaint.  (Doc. 15)  Plaintiffs Monroe and Olafemi (Plaintiffs)

oppose this motion.  (Doc. 18)  For the reasons stated herein, the Court grants this motion.

**I.      Background**

      This case arises from a state foreclosure action and subsequent attempts at collection of

the foreclosure payoff.  (Pl.'s Am. Cmpl. ¶ 9 et seq.)  During or about April 2004, Monroe and

Olafemi were the defendants and CitiMortgage the plaintiff in a state foreclosure action in

Hillsborough County, FL.  (Pl.'s Am. Cmpl. ¶ 9)  On April 20, 2005, the court entered a

Summary Final Judgment against Monroe and Olafemi.  (Pl.'s Am. Cmpl. ¶ 10)  The judgment

was amended on March 1, 2006, and the final amended judgment was entered in the amount of

$79,601.07 with 7% interest per annum running from April 20, 2005.  (Id.)

Subsequent to the initial judgment and prior to the amended judgment, several events occurred which form the basis of this cause.  On January 23, 2006, Steven Lee (Lee) and Steven Lee, P.A. (Lee P.A.) sent a foreclosure payoff letter requesting for $88,309.87 on CitiMortgage's behalf, however the actual payoff as of that date was $83,845.01, more than $4,000 less than Lee requested.  (Pl.'s Am. Cmpl. ¶ 10(a))  Approximately one month later, the Plaintiffs' attorney sent a request for a "detailed breakdown of the items included in the calculation."  (Pl.'s Am. Cmpl. ¶ 10(b))  Steven Lee and Steven M. Lee P.A. responded by sending another payoff letter requesting $88,358.93, while the actual judgment was $84,379.32.  (Pl.'s Am. Cmpl. ¶ 10(c)(1)) The request letter contained no itemized breakdown of the payoff amount.  (Id.)  On March 1, 2006, Plaintiffs satisfied the judgment by paying the Clerk of the Court $84,690.33.  (Pl.'s Am. Cmpl. ¶ 10(c)(2))  Over four months later, on July 6, 2006, Lee and Lee P.A. sent another payoff letter to Plaintiffs' attorney requesting $91,541.13.  (Pl.'s Am. Cmpl. ¶ 10(d))

Plaintiffs filed a two count complaint.  (Pl.'s Am. Cmpl.)  In Count I of the Amended Complaint, Plaintiffs allege that Steven Lee and Steven M. Lee P.A. have violated 15 U.S.C. § 1692e (2000) of the Fair Debt Collection Practices Act (FDCPA) by falsely representing the character, amount, or legal status of a debt, and using false or deceptive means to collect or attempt to collect a debt.  (Pl.'s Am. Cmpl. ¶ 13)  In Count II of the Amended Complaint, Plaintiffs allege that all Defendants also violated the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.52 (2000), by engaging in the same actions that violated the FDCPA.  (Pl.'s Am. Cmpl. ¶ 17)  Plaintiffs also allege that Defendants violated the FCCPA when they attempted to enforce a debt they knew was not legitimate.  (Pl.'s Am. Cmpl. ¶ 18)

II.      **Standard of Review**

When ruling on a motion to dismiss for failure to state a claim, the district court "must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The standard on a 12(b)(6) motion is not whether the plaintiff may ultimately prevail on its theory, "but whether the allegations are sufficient to allow [the plaintiff] to conduct discovery in an attempt to prove [its] allegations." *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

III.     **Discussion**

Defendant moves to dismiss Plaintiffs' complaint, arguing: (1) Plaintiffs' complaint fails because they did not allege scienter in their complaint; (2) Plaintiffs are not entitled to damages under the FDCPA; (3) Plaintiffs have not plead sufficient facts to support a claim for punitive damages; and (4) CitiMortgage is not a debt collector under the FDCPA and by the extension the FCCPA.  Because this last argument is dispositive, the Court need only address this argument.

**CitiMortgage's Status as a Debt Collector**

CitiMortgage argues that Count II of the Amended Complaint should be dismissed against it because the letters sent by Lee and Lee P.A. were not correspondence requesting the payment of a debt, but rather communications seeking to enforce a security interest in real property and, therefore, cannot be considered debt collection activity.  (Doc. 15 at 6)  Further, CitiMortgage argues that mortgage foreclosure and the enforcement of security interests are not covered by FDCPA and by extension the FCCPA because the FDCPA must be given "great

weight" when applying the FCCPA.  (Id.)  Finally, since the letters are not considered debt

collection under the requisite statutes, CitiMortgage argues Plaintiffs cause of action must fail as

a matter of law.  (Id. at 7)

In response, Plaintiffs argue that the purchase of a family home is a consumer debt.

(Doc. 18 at 6)  Plaintiffs also assert "that the FCCPA has no exemption in the case of

enforcement of security interests."  (Doc. 18 at 7)

The FDCPA states that a debt collector is "any person who uses any instrumentality of

interstate commerce or the mails in any business the principal purpose of which is the collection

of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or

due or asserted to be owed or due another."  15 U.S.C. § 1692(a)(6) (2000).  Title 15 U.S.C. §

1692(a)(6)(F)(iii) (2000) further narrows the meaning of  "debt collector" by excluding "any

person collecting or attempting to collect any debt owed or due or asserted to be owed or due

another to the extent such activity . . . concerns a debt which was not in default at the time it was

obtained by such person."  Therefore, a debt collector does not include "the consumer's creditors,

a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at

the time it was assigned."  *Belin v. Litton Loan Servicing*, *LP*, 2006 WL 1992410 at 2 (M.D. Fla.

2006) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197**,** 1208 (5th Cir. 1985)).  There is no

allegation in Plaintiffs' complaint that the mortgage was in default at the time that CitiMortgage

became its assignee.  Therefore, CitiMortgage is not a debt collector under the FDCPA, and by

extension is not a debt collector under the FCCPA.  Accordingly, Plaintiffs' claim against

CitiMortgage must fail as a matter of law.

**IV.**   **Conclusion**

Accordingly it is **ORDERED** AND **ADJUDGED** that CitiMortgage's Motion to Dismiss

(Doc. 15) is **GRANTED**.  Plaintiffs' Amended Complaint (Doc. No. 8) is dismissed as to

Defendant CitiMortgage, Inc.

      **DONE AND ORDERED** at Tampa, Florida, this 29th day of May, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record