UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL J. MONROE, and
MAJILE OLAFEMI,

Plaintiffs,

v.                                                                            Case No.: 8:07-cv-0066-SCB-TGW

CITIMORTGAGE, INC.;
STEVEN M. LEE, P.A.;
STEVEN M. LEE; and
ONE OR MORE "JOHN OR
JANE SMITHS",

Defendants,

_____/

## ORDER

This cause comes before the court on Defendants Steven M. Lee and Steven M. Lee, P.A.'s ("Defendants") Motion to Dismiss Complaint and Dismiss Claim for Punitive Damages. (Doc. 16.) Plaintiffs Monroe and Olafemi ("Plaintiffs") oppose this motion. (Doc. 18.)

**I.    Background**

This case arises from a state foreclosure action and subsequent attempts at collection of the foreclosure payoff amount. (Pl.'s Am. Cmpl. ¶ 9 et seq.) During April 2004, Monroe and Olafemi were the defendants and Citimortgage, Inc. ("Citimortgage") was the plaintiff in a state foreclosure action ("state court action") in Hillsborough County, Florida. (Pl.'s Am. Cmpl. ¶ 9.) On April 20, 2005, the state court entered a Summary Final Judgment against Monroe and Olafemi. (Pl.'s Am. Cmpl. ¶ 10.) The judgment was amended on March 1, 2006, and a final

amended judgment was entered in the amount of $79,601.07 with 7% interest per annum running from April 20, 2005.  (Id.)

After the summary final judgment and before the final amended judgment, several events occurred which form the basis of this case.  On January 23, 2006, Defendants Steven M. Lee and Steven M. Lee, P.A. (attorney and law firm retained by Citimortgage) sent Plaintiffs a foreclosure payoff letter requesting payment of $88,309.87 that was owed to Citimortgage.  (Pl.'s Am. Cmpl. ¶ 10(a).)  However, the actual payoff as of that date was $83,845.01, more than $4,000 less than Defendants requested.  (Id.)  Approximately one month later, Plaintiffs' attorney responded to Defendants' foreclosure payoff letter requesting a "detailed breakdown of the items included in the payoff calculation."  (Pl.'s Am. Cmpl. ¶ 10(b).)  Defendants responded by sending another payoff letter to Plaintiffs' attorney requesting payment of $88,358.93, when the actual payoff at that time was $84,379.32.  (Pl.'s Am. Cmpl. ¶ 10(c)(1).)  This payoff letter contained no itemized breakdown of the payoff amount as Plaintiffs had requested.  (Id.)  On March 1, 2006, Plaintiffs satisfied the judgment by paying the Clerk of the Court $84,690.33, and a Satisfaction of Judgment was issued.  (Pl.'s Am. Cmpl. ¶ 10(c)(2).)  Over four months later, on July 6, 2006, Defendants sent another payoff letter to Plaintiffs' attorney requesting payment of $91,541.13.  (Pl.'s Am. Cmpl. ¶ 10(d).)

On February 1, 2007, Plaintiffs filed a two count complaint.  (Pl.'s Am. Cmpl.)  In Count I of the Amended Complaint, Plaintiffs allege that Defendants have violated 15 U.S.C. § 1692e of the Fair Debt Collection Practices Act ("FDCPA") by falsely representing the character, amount, or legal status of a debt, and using false or deceptive means to collect or attempt to collect a debt.  (Pl.'s Am. Cmpl. ¶ 13.)  In Count II of the Amended Complaint, Plaintiffs allege

that Defendants violated the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statute § 559.52, by engaging in the same actions that violated the FDCPA. (Pl.'s Am. Cmpl. ¶ 17.) Plaintiffs also allege that Defendants violated the FCCPA when they attempted to enforce a debt they knew was not legitimate. (Pl.'s Am. Cmpl. ¶ 18.)

## II.     Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## III.    Discussion

Defendants move to dismiss Plaintiffs' complaint and argue that: (1) the Court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine; (2) the payoff letters were privileged pursuant to the litigation privilege; and (3) the payoff letters were not "communications" under the FDCPA in an attempt to collect a debt. In the alternative, Defendants move to dismiss Plaintiffs' claim for punitive damages and argue that Plaintiffs did not plead sufficient facts to support a claim for punitive damages. For the reasons set forth

herein, Defendants' motion is denied.

### a. Subject Matter Jurisdiction

The Rooker-Feldman Doctrine precludes a party that loses in state court from seeking what, in substance, would be appellate review of a state judgment in a United States district court, based on the losing party's claim that the state court judgment violates the losing party's federal rights. See Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). In Storck v. City of Coral Springs, the court stated that:

> Rooker-Feldman bars lower federal court jurisdiction where four criteria are met: (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

Storck v. City of Coral Springs, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003) (citing Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1256 n.11 (11th Cir. 2003) (internal citations omitted)). In the instant case, Defendants argue that Plaintiffs' claims regarding the Defendants' alleged violations of the FDCPA and FCCPA are inextricably intertwined with the state court judgment because Plaintiffs had an opportunity to raise these claims in the state court action and failed to do so.

The Court finds that Defendants' argument is without merit. While the foundation of Plaintiffs' claims against Defendants in the instant case arises from the debt that was created by the final judgment in the state court action, Plaintiffs' claims in the instant case do not concern the validity of that debt. Rather, Plaintiffs challenge the way in which Defendants attempted to collect the debt.

### b. Litigation Privilege

Defendants argue that they should be granted immunity for the payoff letters they sent to Plaintiffs under the "litigation privilege." The litigation privilege was first described by the Florida Supreme Court in <u>Myers v. Hodges</u> as providing legal immunity to actions taken during judicial proceedings. See <u>Myers v. Hodges</u>, 44 So. 357 (Fla. 1970). The privilege initially developed to protect litigants and attorneys from liability for acts of defamation, but it has since been extended to cover all acts related to and occurring within judicial proceedings. See <u>Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole</u>, 950 So. 2d 380, 384 (Fla. 2007).

Defendants argue that the payoff letters were sent "during a time when the legal status of the debt was in doubt and subject to judicial controversy" in the state court action, and as such, Defendants are protected by the litigation privilege. Plaintiffs contend that the litigation privilege is inapplicable in the instant case because the payoff letters were not sent in the course of a judicial proceeding.

The parties do not dispute that the state court retained jurisdiction over the foreclosure action during the period between the summary final judgment (entered April 20, 2005) and the final amended judgment (entered March 1, 2006). Defendants sent the payoff letters at issue on January 23, 2006, February 27, 2006, and July 6, 2006.

Plaintiffs argue, and the Court agrees, that because the payoff letters were not a "required condition precedent to foreclosure proceedings, and were not related to the prosecution or defense of a foreclosure suit," they should not be protected by the litigation privilege. <u>Echevarria</u>, 950 So. 2d at 386 (Wells, J., concurring in part and dissenting in part). The payoff letters were sent months after the summary final judgment was entered. Although the state court

retained jurisdiction over the foreclosure action during the time between entering the summary final judgment and the final amended judgment, the payoff letters were not sent because they were legally necessary in order to prosecute or defend the foreclosure action. Nor were the payoff letters necessarily preliminary to either an appeal of the state court action or some separate judicial proceeding. See Fridovich v. Fridovich, 598 So. 2d 65, 69 (Fla. 1992). The payoff letters were sent in an effort to collect upon a foreclosure judgment, and they were relevant only to the collection efforts by Defendants. As such, the Court finds that the payoff letters were not sent in the course of the state court action, and are not protected by the litigation privilege.

      c.      **Status of Payoff Letters as Communications**

Defendants next argue that because the payoff letters were sent to Plaintiffs' attorneys rather than to Plaintiffs themselves, they were not "communications" in an attempt to collect a debt under the FDCPA. The Court disagrees. The FDCPA defines the term "communication" broadly: "The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). Additionally, a debt collector who knows that the consumer is represented in the matter by an attorney is generally obligated to communicate with the consumer only through the attorney. 15 U.S.C. § 1692c(a)(2).

In Rosario v. American Collective Counseling Services, Inc., No. 2:01-cv-221-FTM-29DN, 2001 WL 1045585 (M.D. Fla. Aug. 27, 2001), the court found that letters sent to a consumer in care of her attorney were actionable as communications under the FDCPA. Defendants argue that the instant case is distinguishable from Rosario because the payoff letters

were not sent to Plaintiffs directly, were not addressed to Plaintiffs in care of their attorneys, and did not contain text plainly addressed to them. The Court is not persuaded and notes that it would not seem to further the purpose of the FDCPA to preclude a claim for allegedly actionable communications simply because they were directed to Plaintiffs' attorney in a situation where the statute required communication only through counsel.

### d.      Motion to Dismiss Claim for Punitive Damages

Defendants argue that Plaintiffs did not plead sufficient facts to support a claim for punitive damages, and as such, their claim for punitive damages should be dismissed. Defendants base their argument on Florida Statute § 768.72(1), which states, in relevant part:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure.

Defendants contend that Plaintiffs have not made the required showing to the Court prior to seeking punitive damages. However, the Court notes that the Eleventh Circuit has held that the pleading rules set forth in the Federal Rules of Civil Procedure 8(a)(3) preempt Florida Statute § 768.72's requirement that a plaintiff must obtain leave from the court before including a prayer for punitive damages in his complaint or counterclaim. See Cohen v. Office Depot, Inc., 184 F.3d 1292, 1299 (11th Cir. 1999), *vacated in part*, 204 F.3d 1069 (11th Cir. 2000). As such, Defendants' motion to dismiss Plaintiffs' claim for punitive damages is denied.

### IV.     Conclusion

Accordingly it is **ORDERED** AND **ADJUDGED** that Defendants Steven M. Lee and Steven M. Lee, P.A.'s Motion to Dismiss Plaintiffs' Complaint and Dismiss Claim for Punitive damages (Doc. 16) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of July, 2007.

 

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record